By the Court, Leonard, J.
The contract provides for the purchase and sale of 1,000 bales of cloves, at five cents per pound, to arrive, payable in cash on delivery within four months from them arrival. Deliverable sound and in good order.
The cloves arrived soon after the contract was made; and on examination part of them proved to be sound, and part not sound' or in good order. The plaintiffs offered to receive the whole invoice—the unsound as well as the sound—and pay therefor the contract price. When this offer was made, they knew.that part of the cloves had been injured on the voyage, and were not in good order. The defendant delivered the sound cloves, but refused to deliver the unsound. The unsound cloves were proven to be worth only two and a half cents per pound. They were sold at auction, under the direction of the insurers, and realized three and one quarter cents per pound.
It appears to be entirely clear that the plaintiffs could not have been required to receive the damaged cloves. It was .the purchasers’ option to receive, or to refuse, the damaged or unsound cloves. The vendor could not compel the purchasers to receive them, but they might waive the objection that they were unsound, and the vendor must then deliver. Bound cloves were deliverable, unsound not deliverable. This construction embraces the whole meaning of the words: “Deliverable sound and in good order.” The provision is for the benefit of the purchasers, and is against the seller. It is not, however, a warranty that the cloves shall arrive sound and in good order; nor is it an agreement that the vendor will deliver 1,000 bales of cloves “sound or in good order.” The plaintiffs offered to receive the whole invoice, and pay therefor the price named in the contract. The defendant was then bound to deliver. His refusal subjected him to the payment of such damages as the plaintiffs sustained thereby.
*46 [First Department, General Term, at New York,
November 4, 1872.
Ingraham, Leonard and Gilbert, Justices.]
The proof fails, however, to show that the plaintiffs sustained any damage. The market value was only one half the price they would have paid under their contract, and the price for which the cloves sold, although greater than the market value, was less than the purchasers were required to pay by the contract, and was less than their offer. They must have lost money had their offer been accepted, unless they had insured the cloves to such an extent as to cover their expected profit. According to the evidence, the plaintiffs were saved from a loss on the damaged cloves, which has fallen upon the defendant by reason of his refusal to accept the price offered by the plaintiffs. It may be, also, that there was some advantage to be derived from a reduction of the duty, in such a case. Whatever the facts, in these respects, may be, we are without proóf of any damage sustained by the plaintiffs, by reason of the defendant’s refusal to deliver the unsound portion of the cloves. The case was decided upon the theory that the defendant agreed to deliver the 1,000 bales which were on board the vessel then about to arrive, in good order. I can find no such obligation in the terms of the contract.
The judgment should be reversed, and a new trial ordered, with costs to abide the event; unless the plaintiffs consent to nominal damages; and in that case the judg- . ment will be affirmed for that amount.