# City Court.

### *Trial Term—February,* 1885.

## PERKINS ET AL. *against* HARRISON.

Where a contract of sale is executed, there is no implied warranty as to quality.

If the contract is executory, and the goods are to arrive, a different rule attaches. But even where the goods are to arrive, the warranty implied by the law must be reasonable, and the purchaser must bear the risk of deterioration which is necessarily consequent upon the transmission.

The value of English currency is fixed by statute.

McADAM, Ch. J.—The plaintiffs declare upon an executed contract of sale. They allege in their complaint "that on or about September 17, 1883, said plaintiffs sold and delivered to the defendant, and said defendant took and received from said plaintiffs certain goods, wares and merchandise—to wit, 104 tons 693 pounds East Ince Hall Cannel coal which, at the price per ton then and there agreed upon therefor of 32 shillings English money, amounted in the currency of the United States to $814.29. The defendant admits that he purchased and received the coal, but denies the value, in the United States, of the English currency. The value of the English currency is fixed by statute (*U. S. Rev. Stat.* § 3565) which sustains the plaintiffs' computation. Thus the plaintiffs' case is completely made out.

The defendant, for defense, relied upon the allegation "that at the time of the sale it was represented and agreed by the plaintiffs that the coal should be perfect and marketable, whereas a portion was unmarketable and crushed and of no value." The defendant also alleges

that the sale was made without an opportunity to examine the coal. The defendant failed to prove that the plaintiffs made any representation whatever concerning the coal, except that it was "East Ince Hall Cannel coal." The representation made was true, and the defendant is therefore left to an implied warranty as to the condition of the coal. The difficulty the defendant has to contend with is that it does not appear that the contract was executory, nor that the coal was bought to arrive.

On the contrary, the contract declared on and admitted by the pleadings is an executed sale, on which no implied warranty attaches (Hart v. Wright, 17 Wend. 267; 18 Id. 449) ; for, in the language of Judge PAIGE, in Hargous v. Stone (5 N. Y. 86), "If the article is at the time of the sale in existence and defined and is specifically sold, and the title passes in presenti to the vendee, the transaction amounts to an executed sale, and although there is no opportunity for inspection, there will be no implied warranty that the article is merchantable." But even on a sale of goods "to arrive," the warranty implied by the law must be reasonable, and the purchaser must bear the risk of deterioration which is necessarily consequent upon the transmission (Bull v. Robinson, 10 Exch. 342–346). The coal was of the brand indicated (Dounce v. Dow, 64 N. Y. 411), and the defendant did not elect to reject, but accepted it (Townsend v. Shepard, 64 Barb. 39). So that whatever remedy he might otherwise have had, it is clear from the pleadings and proof that there is no defense.

The plaintiffs are entitled to judgment.